RESERVE LIFE INSURANCE COM-
PANY, Plaintiff,

v.

Dr. E. H. NORTH, Jr., Defendant.

Civ. No. 975.

United States District Court
E. D. North Carolina,
Elizabeth City Division.

Oct. 17, 1957.

Mason & Williamson, Laurinburg, N.
C., J. A. Pritchett, Windsor, N. C., for
plaintiff.

John H. Hall, Elizabeth City, N. C.,
for defendant.

GILLIAM, District Judge.

This cause comes on to be heard upon
the complaint of the Reserve Life Insur-
ance Company, plaintiff, alleging actual
damages to the extent of $1,720.22 as
the result of a fraud practiced upon it
by the defendant, Dr. E. H. North, Jr.
Plaintiff further alleges that the fraud
in question constitutes such outrageous
conduct as to warrant an award of $10,-
000 punitive damages.

The facts in the case appear to be as
follows:

On November 23, 1951, one John M.
Cudworth was admitted to the Albemarle
General Hospital as the patient of the
defendant. For some time prior to his
hospitalization Cudworth had complained
of a chest cold, hacking cough, and fa-
tigue. It is assumed, without deciding
on the basis of the vague and conflicting
evidence, that at the time of Cudworth's
admission the defendant entered the fol-
lowing upon the hospital admission rec-
ords under the appropriate headings:

"Diagnosis and Complications

"Main: Probable Pulmonary Tu-
berculosis

"Secondary and Associated: Poss
Broncogenic Carcinoma"

During the period of his confinement
to the hospital (November 23, 1951 to
December 2, 1951), and in accordance
with the defendant's instructions, Cud-
worth was the subject of medical treat-
ment, tests, and laboratory analysis, the
purpose of which was to determine
whether he was the victim of either
of the two suspected diseases or any
other disease.

Cudworth was discharged from the
hospital on December 2, 1951. At that
time the defendant entered upon the hos-
pital records as follows:

"12/2/1951—Patient discharged today after a negative work up for tuberculosis—all sputum, gastric washing, manitoux, and the patch test all negative. To have re-ray in 10 days, then poss broncoscopic."

On the day of Cudworth's discharge the defendant filled out for the plaintiff a Physician's Hospitalization Statement. Among others this Statement contained the following questions and answers:

"2. Nature of sickness or disease? (list all) *Pneumonia—type uncertain.*"

"d. To what do you attribute the cause of disease or condition? *Nothing specific.*"

Plaintiff, in reliance upon the foregoing questions and answers, paid a claim of $76.50 and subsequently renewed the policy in question.

If the defendant had answered in the aforementioned Physician's Hospitalization Statement that the nature of Cudworth's disease was probably pulmonary tuberculosis or possibly broncogenic carcinoma, or if he had stated that he attributed the cause of Cudworth's disease or condition to the same, the plaintiff, under the terms of the policy, would neither have incurred the obligation of $76.50 as a result of that confinement nor would have renewed the policy.

In the spring of 1952, subsequent to his discharge from the Albemarle General Hospital on December 2, 1951, Mr. Cudworth died as a result of carcinoma following an operation for the removal of the diseased part of the lung. Carcinoma was established as the cause of death by pathological examination subsequent to this operation. The hospital confinement preceding this terminal operation resulted in the plaintiff being sued under the terms of the renewed insurance policy with the consequent expense of $1,643.72.

■ The plaintiff contends that the defendant's statement to the effect that the nature of Cudworth's disease or sickness was pneumonia of an uncertain type caused by nothing specific was made with knowledge of its falsity or with a reckless disregard for its truth. Knowledge of falseness or reckless disregard for the truth is an essential element in the plaintiff's cause of action (Early v. Eley, 243 N.C. 695, 91 S.E.2d 919), for in law fraud consists of: 1. A false material representation; 2. Made with knowledge of its falseness or with a reckless disregard for its truth; 3. With the intention that the other party rely upon the same; and 4. Which is reasonably relied and acted upon by the party to his damage.

Although conflicting, the evidence suggests that the defendant suspected that Cudworth's illness upon his admission to the hospital was possibly caused by either carcinoma or tuberculosis. Upon receiving negative results from testing the patient for the same, the defendant eliminated them in his mind as being the nature of Cudworth's illness, and this was the status of the defendant's mind at the time the Physician's Hospitalization Statement was completed.

■ In view of its tendency in this direction, it is the opinion of the Court that the evidence does not clearly establish in accordance with the plaintiff's burden of proof that the defendant's statement was made either with knowledge of its falsity or with a reckless disregard for its truth. As a fact essential to the plaintiff's right to recover has not been established, the plaintiff's claim must be denied.

Therefore, it is adjudged that plaintiff recover nothing and that defendant recover costs.