**RESERVE LIFE INSURANCE COMPANY, Appellant,**

v.

**Dr. E. H. NORTH, Jr., Appellee.**

**No. 7586.**

United States Court of Appeals
Fourth Circuit.

Argued April 8, 1958.

Decided April 21, 1958.

James W. Mason, Laurinburg, N. C. (Andrew G. Williamson, Laurinburg, N. C., J. A. Pritchett, Windsor, N. C., Harry F. Thornberry, Dallas, Tex., and R. P. Upchurch, Raleigh, N. C., on the brief), for appellant.

John H. Hall, Elizabeth City, N. C., for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and THOMSEN, District Judge.

THOMSEN, District Judge.

Plaintiff insurance company appeals from a judgment for defendant doctor in an action for damages based upon defendant's alleged fraud in filling out a physician's hospitalization statement for a patient insured by plaintiff. The district judge heard the case without a jury and filed an opinion, 155 F.Supp. 249.

The insured, John M. Cudworth, was admitted to a hospital in Elizabeth City, N. C., on November 23, 1951, as defendant's patient. He was first seen by defendant on November 14, 1951, after he had complained of a hacking cough and fatigue for some time and had been treated by another doctor for an upper respiratory infection with some infiltration or congestion in the lungs, which defendant considered to be pneumonia. After the acute stage had passed and the fever had gone, the congestion remained. Defendant thought the condition was probably caused by pulmonary tuberculosis or possibly by bronchogenic carcinoma, so he had Cudworth admitted to the hospital for various tests and laboratory analyses. The tests showed no evidence of tuberculosis, and Cudworth was discharged on December 2, to return in ten days for another x-ray and possible bronchoscopic examination.

On December 2 defendant filled out a physician's hospital statement on a printed form furnished to Cudworth by plaintiff. In answer to the question: "Nature of Sickness or Disease? List all.", defendant wrote: "Pneumonia—Type uncertain"; he stated that in his opinion the cause of the condition had existed one week before he was consulted on November 15, 1951, and answered "No" to the question: "Does history indicate that he has had previous symptoms?". To the question: "To what do you attribute the cause of the disease or condition", he answered "Nothing specific".

Defendant continued to see Cudworth until January, 1952, but since an x-ray showed that the congestion had improved, he did not call for a bronchoscopic examination. In March, 1952, Cudworth was admitted to a hospital in Norfolk, his condition was diagnosed as carcinoma of the lung, and he died of that disease in May, 1952.

Plaintiff had issued a Hospital and Surgical Expense Policy to Cudworth on September 21, 1951. It covered hospitalization resulting from sickness the cause of which originated more than fifteen days after the date of issue, except that tuberculosis, cancer, and certain other diseases were covered only if hospital confinement should begin after the policy had been in force for six months or more. The policy was renewable at the option of the Company only.

Plaintiff claims that as a result of defendant's fraud in filling out the statement on December 2, 1951, it paid out $76.50 for the November hospitalization, renewed the policy in March, 1952, and was forced to pay out $1,643.72 for benefits and costs of defending a suit arising out of the hospitalization in the spring of 1952. It also claims $10,000 punitive damages for gross fraud. Plaintiff contends that defendant falsely and fraudulently, and in reckless disregard for the truth (a) misrepresented to plaintiff the nature and duration of the sickness or disease for which Cudworth had been hospitalized and treated in November, 1951, and (b) failed to disclose to plaintiff "that Cudworth had been hospitalized for diagnosis and that in his professional opinion the nature of Cudworth's sickness or disease was probable pulmonary tuberculosis and possible bronchogenic carcinoma".

The district judge found "that the evidence does not clearly establish in accordance with the plaintiff's burden of proof that the defendant's statement was made either with knowledge of its falsity or with a reckless disregard for its truth. As a fact essential to the plaintiff's right to recover has not been established, the plaintiff's claim must be denied." 155 F.Supp. at page 250. See also Early v. Eley, 243 N.C. 695, 91 S.E.2d 919.

We cannot say that this finding of the district judge was erroneous. It is true that the hospital record does not mention pneumonia as such, and shows the diagnosis to have been "Probable Pulmonary Tuberculosis" and "Poss Bronchogenic Carcinoma". On the other hand, the tests were negative for tuberculosis, carcinoma was only suspected, and the history in the hospital record showed "infiltration right apex" and other symptoms of pneumonia. Plain-

tiff's printed form did not ask the doctor to list diseases which had been shown not to exist or which were only suspected. The doctor did not know the provisions of the policy. Of course, he was bound to answer the questions honestly and with reasonable care, but plaintiff's argument that defendant was in a fiduciary relationship with plaintiff is not supported either by reason or by authority. He had no contract with plaintiff and was not making an examination to determine whether a policy should be written or renewed. Even if a fiduciary relationship had existed, it would not have eliminated the burden which rested on plaintiff to prove that defendant's statement was made either with knowledge of its falsity or with reckless disregard for its truth. We agree with the district judge that plaintiff has failed to meet that burden.

Affirmed.